IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO. 10-0191-WS |
| | ) |
| COREY BRADLEY, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

    This matter comes before the Court on defendant Corey Bradley's *pro se* filing styled "Motion Pursuant to Civil Procedural and Rule 59(e)" (doc. 133).

    On August 20, 2012, the undersigned entered an Order (doc. 132) denying Bradley's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Bradley now seeks reconsideration of that August 20 Order, albeit pursuant to an inapplicable Federal Rule of Civil Procedure. In particular, Bradley argues that he is entitled to the benefit of Amendment 599 to the U.S. Sentencing Guidelines "because … the court used the underlying offense to enhance his sentence." (Doc. 133, at 1.) This argument is not well taken. The law is clear that "[a] court may only modify a term of imprisonment in limited circumstances." *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). One such circumstance is where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). Amendment 599 could not have <u>subsequently</u> lowered Bradley's sentencing range because Amendment 599 took effect on November 1, 2000, more than a decade before Bradley's sentencing date of March 22, 2011. Plainly, then, Amendment 599 did not have the effect of subsequently lowering his sentencing range following imposition of sentence in this case. Besides, Amendment 599 is inapplicable on its face given that Bradley was not convicted of an "underlying offense" (18 U.S.C. §§ 844(h), 924(c), 929(a)) within the meaning of Application Note 4 to U.S.S.G. § 2K2.4.

    Bradley's alternative argument fares no better. He again asserts that he is entitled to the benefit of Amendment 750 and that his new guideline range yields a base offense level of 23.

Defendant is wrong.  As the August 20 Order pointed out, Bradley was held accountable for at least 50 grams of cocaine base at sentencing.  Under Amendment 750, the base offense level that applies to offenses charged under 21 U.S.C. § 846 that involve at least 28 grams but less than 112 grams of crack cocaine is 26.  That is exactly the base offense level that was imposed in this case; therefore, Amendment 750 does not have the effect of altering Bradley's guideline range, and does not entitle him to relief pursuant to 18 U.S.C. § 3582(c)(2).

       For all of the foregoing reasons, Bradley's Motion to Reconsider (doc. 133) is **denied** as frivolous.  Insofar as Bradley may wish to appeal, the Court hereby **certifies** (for the foregoing reasons, as well as those set forth in the August 20 Order) that any appeal from either this Order or the August 20 Order would be plainly frivolous and not in good faith.  Accordingly, Bradley will not be permitted to pursue an appeal *in forma pauperis*.

       DONE and ORDERED this 17th day of September, 2012.

                                      s/ WILLIAM H. STEELE
                                      CHIEF UNITED STATES DISTRICT JUDGE