IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **COREY BRADLEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 10-0191-WS |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Corey Bradley's Motion for Compassionate Release (doc. 228).

The court file reflects that Bradley is presently serving a 30-month prison term on revocation of his supervised release after being arrested on July 18, 2018 for, *inter alia*, possession of a digital scale with cocaine residue. This offense conduct reflects a continuing pattern of controlled substance distribution activities by Bradley, as evidenced by his underlying 2010 conviction of conspiracy to possess with intent to distribute crack cocaine. Bradley is serving his revocation sentence at FCI Memphis, a medium-security federal correctional institution in Memphis, Tennessee, and has a projected release date of October 17, 2020.

Bradley is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic. Bradley's *pro se* Motion appears to have been filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018. That section allows a defendant to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the Bureau of Prisons ("BOP"), but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." § 3582(c)(1)(A). Bradley makes no showing that he has either (i) exhausted his administrative rights to appeal within the BOP system, or (ii) made a specific

request to the warden of FCI Memphis.  Because Bradley has not established either of the necessary statutory prerequisites, his Motion is properly denied as procedurally defective.

Even if Bradley had complied with the statutory requirements for bringing his Motion, the Court finds that he has not made the necessary showing that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Any reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the U.S. Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons."  *Id.*

Insofar as Bradley would seek to proceed under the "family circumstances" category of relief, the Sentencing Commission's policy statement  restricts it to "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."  U.S.S.G. § 1B1.13, Application Note 1(C)(i)-(ii).  Bradley does not identify any circumstances within the scope of that policy statement, but states that his aunt is "almost bedridden" and his mother is unable to work, both because of health conditions.  The Sentencing Commission's policy statement does not deem those considerations to constitute "extraordinary and compelling reasons" under the "family circumstances" prong.

Although the Sentencing Commission does recognize a catch-all category for other reasons "[a]s determined by the Director of the Bureau of Prisons," it appears inapplicable here.  The BOP's Program Statement 5050.50 identifies in some detail the types of reasons that the Director of the BOP deems "extraordinary and compelling" under the fourth prong of the Sentencing Commission's policy statement.  Nothing in PS 5050.50 reflects a determination by the BOP that compassionate release may be appropriate based on the general existence of the COVID-19 pandemic, or the illnesses of an inmate's mother or aunt.  As such, Bradley is effectively urging this Court to find that his circumstances constitute an "extraordinary and

compelling reason" for § 3582(c)(1)(A) relief, even though doing so would not be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would not be consistent with the Sentencing Commission's applicable policy statement.  Simply put, then, Bradley's Motion would have this Court ignore statutory language requiring that sentence reductions for "extraordinary and compelling reasons" be consistent with Sentencing Commission policy statements by essentially superimposing the Court's own policy preferences over those of the Sentencing Commission and the Bureau of Prisons.  This Court has previously declined to do so.  *See United States v. Lynn*, 2019 WL 3805349, *4 (S.D. Ala. Aug. 13, 2019) ("Should the Commission so amend its policy statement, the courts will of course be bound by Section 3582(c)(1)(A) to follow the amended version.  Until that day, however, the Court must follow the policy statement as it stands.").  It reaches the same conclusion today for the same reasons set forth in *Lynn*.

Even assuming this Court were empowered now to make determinations of "extraordinary and compelling reasons" in addition to those specified in U.S.S.C. § 1B1.13 and PS 5050.50, the undersigned would not find that the circumstances described by Bradley meet that high standard for compassionate release.  Bradley has identified no reason to believe he is at a heightened risk of becoming infected with the coronavirus in his present place of incarceration.  Nor has he shown that his mother and aunt are unable to care for themselves, that there is no one else to care for them, or that anything likely to happen during the remaining four-plus months of his revocation sentence will impair his ability to care for them upon release.  Certainly, it is not unusual for a federal inmate to have ailing relatives who would benefit from the inmate's care, so this is not an "extraordinary" set of circumstances.  Accordingly, the Court finds that Bradley has made no showing of the sort of "extraordinary and compelling reasons" contemplated by 18 U.S.C. § 3582(c)(1)(A)(i) that might warrant the discretionary exercise of any First Step Act authority for compassionate release or sentence modification to protect him from risks of contracting the COVID-19 virus in prison or to facilitate his ability to care for his family members at the conclusion of his sentence.

For all of these reasons, the Motion for Compassionate Release (doc. 228) is **denied**.

DONE and ORDERED this 27th day of May, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE